**STEPTOE LLP**
CHRISTOPHER R. FREDRICH (SBN 266471)
*cfredrich@steptoe.com*
2029 Century Park East, Suite 980
Los Angeles, California 90067-3086
Telephone: 213-439-9400
Facsimile: 213-439-9598
Email: *docketing@steptoe.com*

Attorneys for Defendants
  JPMORGAN CHASE BANK, N.A. and
  J.P. MORGAN SECURITIES LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>GEORGIA K. BODE<br><br>    Debtor and Debtor in Possession. | Case No. 2:24-bk-019904-NB<br><br>Chapter 11<br><br>Adv No. 2:24-ap-01273-NB |
| GEORGIA K. BODE,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT G. LUNA, SHERIFF OF LOS ANGELES COUNTY; ANTONIO LEON; JPMORGAN CHASE BANK, N.A.; J.P. MORGAN SECURITIES, LLC; CITIBANK, N.A.; WELLS FARGO BANK, N.A.; DOES 1-10,<br><br>    Defendants. | **ANSWER OF DEFENDANTS JPMORGAN CHASE BANK, N.A. AND J.P. MORGAN SECURITIES LLC TO ADVERSARY COMPLAINT** |

Defendants JPMorgan Chase Bank, N.A. ("JPMC") and J.P. Morgan Securities LLC ("JPMS") (collectively "Defendants") hereby answer the Adversary Complaint (the "Complaint") filed by debtor, debtor in possession and plaintiff Georgia K. Bode ("Plaintiff") as follows:

1. Answering Paragraph 1 of the Complaint, Defendants admit that this action is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (F), and consent to entry of final orders or judgment by the Bankruptcy Court pursuant to Bankruptcy Rule 7012(b).

## ALLEGATIONS COMMONS TO ALL CLAIMS FOR RELIEF[1]

2. Answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff filed her voluntary Chapter 11 petition on December 4, 2024 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny those allegations.

3. Answering Paragraph 3 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

4. Answering Paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

5. Answering Paragraph 5 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

6. Answering Paragraph 6 of the Complaint, Defendants admit the allegations contained therein.

---

[1] For convenience, Defendants incorporate verbatim the headings used by Plaintiff in the Complaint. No response is required to headings. By using the headings, Defendants do not adopt or agree to any alleged characterization of the facts therein and any allegations not specifically admitted shall be deemed denied.

7. Answering Paragraph 7 of the Complaint, Defendants admit the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

9. Answering Paragraph 9 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

10. Answering Paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

11. Answering Paragraph 11 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

12. Answering Paragraph 12 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

13. Answering Paragraph 13 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

14. Answering Paragraph 14 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

15. Answering Paragraph 15 of the Complaint, Defendants admit the allegations contained therein.

/ / /

/ / /

/ / /

## THE LEVIED FUNDS

16. Answering Paragraph 16 of the Complaint, JPMC admits that on or about August 8, 2024, it received a Notice of Levy under Writ of Execution on behalf of Antonio Leon seeking to levy funds and/or other assets in the names of Plaintiff and/or William Bode and that, in compliance with this Notice of Levy, JPMC turned over funds to the levying officer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny those allegations.

17. Answering Paragraph 17 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

## THE FROZEN BROKERAGE ACCOUNTS

18. Answering Paragraph 18 of the Complaint, Defendants admit that a hold was placed on the accounts of Plaintiff and/or William Bode maintained at JPMS, including the accounts ending in 6945, 6950, 2872 and 5731 identified in the Complaint. Defendants further state that the account records and statements for those accounts at JPMS speak for themselves and Defendants deny any allegations inconsistent therewith. As to the remaining allegations of Paragraph 18, including the allegation that investments in certain accounts are exempt, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, deny those allegations.

19. Answering Paragraph 19 of the Complaint, Defendants admit that the holds placed on the accounts of Plaintiff and/or William Bode maintained at JPMS remain in place as of the filing of this answer, as Defendants await further instruction from the Court. Defendants otherwise deny any remaining allegations in this paragraph.

20. Answering Paragraph 20 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

## FIRST CAUSE OF ACTION

## 11 U.S.C. § 541 – Turnover of Property (other than a custodian); 11 U.S.C. § 105 (Against Defendants JPMS, JPMC, Citibank, Wells Fargo and Antonio Leon)

21. Answering Paragraph 21 of the Complaint, Defendants incorporate the earlier paragraphs of this answer as if fully set forth herein.

22. Answering Paragraph 22 of the Complaint, Defendants state that the allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants state that 11 U.S.C. §§ 363, 542 and 552 speak for themselves and Defendants deny any allegations inconsistent therewith.

23. Answering Paragraph 23 of the Complaint, Defendants state that the allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants state that 11 U.S.C. § 1107 speaks for itself and Defendants deny any allegations inconsistent therewith.

24. Answering Paragraph 24 of the Complaint, Defendants respectively admit that Plaintiff and William Bode hold accounts at JPMC and JPMS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny those allegations.

25. Answering Paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

26. Answering Paragraph 26 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

27. Answering Paragraph 27 of the Complaint, JPMS admits that the holds placed on the accounts of Plaintiff and/or William Bode maintained at JPMS remain in place as of the filing of this answer, as Defendants await further instruction from the Court. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 and, on that basis, deny those allegations.

28. Answering Paragraph 28 of the Complaint, Defendants state that the allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants state that 11 U.S.C. § 105(a) speaks for itself and Defendants deny any allegations inconsistent therewith.

29. Answering Paragraph 29 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

### SECOND CAUSE OF ACTION
### 11 U.S.C. § 543 – Turnover of Property (custodian); 11 U.S.C. § 105 (Against Defendants Robert Luna, Sheriff of Los Angeles County, JPMS, JPMC, Citibank, Wells Fargo and Antonio Leon)

30. Answering Paragraph 30 of the Complaint, Defendants incorporate the earlier paragraphs of this answer as if fully set forth herein.

31. Answering Paragraph 31 of the Complaint, Defendants state that the allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants state that 11 U.S.C. § 543(b)(1) speaks for itself and Defendants deny any allegations inconsistent therewith.

1  32. Answering Paragraph 32 of the Complaint, Defendants state that the allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants state that 11 U.S.C. § 543(b)(2) speaks for itself and Defendants deny any allegations inconsistent therewith.

33. Answering Paragraph 33 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

34. Answering Paragraph 34 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

35. Answering Paragraph 35 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

36. Answering Paragraph 36 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

37. Answering Paragraph 37 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

38. Answering Paragraph 38 of the Complaint, Defendants state that the allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendants state that 11 U.S.C. § 105(a) speaks for itself and Defendants deny any allegations inconsistent therewith.

39. Answering Paragraph 39 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny those allegations.

Answering Plaintiff's Prayer for Judgment and each of its subparts, Defendants state that they will provide an accounting as previously ordered by the Court in its December 23, 2024 *Order Granting in part Emergency Motion for Turnover and Release of Property of the Debtor and Setting Further Hearing Date* (ECF No. 19, ¶ 7.) Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to the release or turnover of funds from accounts maintained at Defendants. Except as expressly stated above, Defendants deny that Plaintiff is entitled to any other relief whatsoever from Defendants, including but not limited to injunctive relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants assert the following affirmative defenses and reserve the right to assert such other and further affirmative defenses as may be appropriate:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    Plaintiff fails to set forth facts sufficient to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Good Faith/Reasonable Commercial Conduct)

2.    Defendants at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory requirements, precluding Plaintiff from any recovery against Defendants.

## THIRD AFFIRMATIVE DEFENSE
### (No Obligation to Return)

3.    Defendants have no obligation to turn over or return any funds to Plaintiff or her bankruptcy estate.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Possession or Control)

4. With regard to Plaintiff's second cause of action for turnover of property currently in the possession of the Sheriff, as a custodian, Defendants do not have possession, custody or control over the property that is the subject of Plaintiff's claim, precluding turnover under 11 U.S.C. §§ 542 and 543.

## FIFTH AFFIRMATIVE DEFENSE

### (Setoff Rights)

5. Defendants have valid rights to setoff against the funds in accounts maintained at Defendants pursuant to the governing account agreements and applicable law.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6. Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. Plaintiff's claims are barred, in whole or in part, by Plaintiff's conduct, actions and inactions, which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8. Plaintiff's claims are barred, in whole or in part, by Plaintiff's conduct, actions and inactions, which amount to and constitute estoppel of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Consent/Acquiescence)

9. Through Plaintiff's own conduct, acts, omissions, contractual promises, and agreements, Plaintiff consented to and acquiesced to Defendants' conduct.

## TENTH AFFIRMATIVE DEFENSE

### (Independent/Intervening Conduct)

10. Any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment/Comparative Fault)

11. Defendants are not legally responsible with respect to the harm that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Defendants are found to be legally responsible in any manner, then they allege that their legal responsibilities are not the sole and proximate cause of the injuries, and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of other persons and entities, or the agents, servants and employees of such other persons and entities, who contributed to and/or caused said damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request the following relief:

(1) That Plaintiff takes nothing from Defendants by virtue of the Complaint;

(2) That Plaintiff's Complaint be dismissed with prejudice;

(3) That judgment be entered in Defendants' favor;

(4) That the Court award Defendants their attorneys' fees, expenses, and costs to the full extent permitted by law; and

(5) That the Court award such other relief as is just and proper.

Dated: January 16, 2025

STEPTOE LLP

By: */s/ Christopher R. Fredrich*
     Christopher R. Fredrich

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
J.P. MORGAN SECURITIES LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2029 Century Park East, Suite 980, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER OF DEFENDANTS JPMORGAN CHASE BANK, N.A. AND J.P. MORGAN SECURITIES LLC TO ADVERSARY COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 16, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Armen Manasserian    armen@ml-apc.com; jennifer@ml-apc.com; maria@ml-apc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Lisa Yun Pruitt    lyun@sheppardmullin.com; pchavez@sheppardmullin.com
- David B Zolkin    dzolkin@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 16, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via U.S. Mail**

Honorable Neil W. Bason
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and U.S. Courthouse
255 East Temple Street
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 16, 2025 | ReginaHarcourt | /s/ Regina Harcourt |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**