David B. Zolkin (State Bar No. 155410)
dzolkin@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (310) 207-1494

General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
GEORGIA K. BODE

**FILED & ENTERED**

**MAR 05 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY ghaltchi    DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:24-bk-19904-NB |
| GEORGIA K. BODE, | Chapter 11 |
| Debtor and Debtor In Possession. | **ORDER GRANTING IN PART DEBTOR'S MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER APPROVING A BUDGET FOR THE USE OF THE DEBTOR'S CASH AND POSTPETITION INCOME** |

Hearing:

Date:       February 25, 2025
Time:       1:00 p.m.
Courtroom:  1545
            255 East Temple Street
            Los Angeles, CA 90012

Continued Hearing:

Date:       May 6, 2025
Time:       1:00 p.m.
Courtroom:  1545
            255 East Temple Street
            Los Angeles, CA 90012

Judge: Hon. Neil Bason

---
-1-
ORDER GRANTING IN PART DEBTOR'S BUDGET MOTION

On February 25, 2025, at 1:00 p.m. in Court room 1545 of the above-entitled Court and by Zoom, the *Motion of Debtor and Debtor in Possession for the Entry of an Order Approving a Budget for the Use of the Debtor's Cash and Postpetition* Income (the "Motion") [Dkt. 31] filed by GEORGIA K. BODE, the debtor and debtor in possession ("Dr. Bode" or the "Debtor"), in the above-captioned Chapter 11 case (the "Bankruptcy Case"), came on for hearing. Appearances were as noted on the record.

The Court, having reviewed and considered the Motion and papers filed in support thereof, the Limited Opposition ("Opposition") (dkt. 42) filed by secured creditor Antonio Leon ("*Leon*"), Debtor's reply papers (dkt. 49), the arguments and representations of counsel set forth on the record, the parties' competing proposed forms of order (dkt. 50-52), notice having been, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted in part, and continued in part, subject to the provisions of this Order.

2. The Debtor is authorized to spend funds that are not exempt from the Debtor's estate to pay the following:

    a. the items identified as "Personal Expenses" in the Monthly Budget attached as **Exhibit "A"** to the Motion;

    b. the items identified as "Other Expenses" in the Monthly Budget, subject to the Debtor providing receipts for those items to counsel to Leon; *provided, however*, that the expense identified as "Mausoleum for Late Spouse" will be paid from exempt funds; and

    c. the retainer to be paid to ~~and the fees and expenses incurred by~~ the Debtor's bankruptcy counsel, Weintraub Zolkin Talerico & Selth LLP.

3. Absent further order of this Court, ~~The~~ Debtor may spend as she wishes, and without regard to the Monthly Budget, any funds that have been determined by the Court to be exempt, because that is this Court's understanding of the word "exempt." If counsel to creditor Leon wishes to contest that issue, they may file and serve

<u>appropriate papers and self-calendar a hearing before this Court.</u>

4. <u>Except as set forth in this Order, this Court has not yet made any findings of fact or conclusions of law regarding Debtor's ability to spend **non-*exempt*** funds without prior approval of this Court (*e.g.,* to pay *ongoing* attorney fees, as distinguished from paying the retainer as authorized in ordering paragraph 2.c. above).  If either party seeks a determination with respect to this issue, they may file and serve appropriate papers and self-calendar the matter for hearing.</u>

5. Unless otherwise ordered by the Court, the Debtor may only pay from funds that are exempt from the Debor's estate the legal fees and expenses arising from her appeal of the ruling that $384,143.02 of the funds that were levied from the Debtor's deposit accounts at Citibank, N.A., by the Los Angeles County Sheriff's Department for the benefit of Leon are exempt, which ruling was issued by the Superior Court of the State of California, County of Los Angeles, Central District, in the action entitled *Antonio Leon v. James Jaber, M.D.; Georgia Bode, M.D.; Los Angeles Community Hospital*, Case No. 19STCV01640.

6. The Court ~~has taken~~ <u>took</u> under submission the question of whether the Debtor's monthly pension payments of approximately $11,687.93 are exempt from the Debtor's estate and ~~will issue~~ <u>has issued</u> a separate ruling on that matter ~~shortly~~ <u>(dkt. 53)</u>.

7. These are the rulings of the Court as of now, which may be modified later, as both the Debtor and Leon reserve all rights.

Date: March 5, 2025

Neil W. Bason
United States Bankruptcy Judge

-3-
ORDER GRANTING IN PART DEBTOR'S BUDGET MOTION